UNITED STATES of America

v.

**Margaret W. DUKE and Billy Averitte.**

No. 3:92–00121.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 5, 1993.

United States Attorney's Office, Asst. U.S. Atty., H.H. Hester, Nashville, TN, for plaintiff.

Lionel R. Barrett, Jr., Nashville, TN, and Douglas Jackson, Dickson, TN, for defendant Duke.

William M. Leech, Jr., Nashville, TN, for defendant Averitte.

MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court in the above styled case are the defendant Margaret W. Duke's motions to dismiss the Indictment against her as a whole or to strike certain counts of the Indictment. Additionally, the defendant moves the Court for an order directing the Government to provide a bill of particulars setting forth in greater detail various factual particulars of the indictment. Also pending is the defendant Billy Averitte's motion to adopt his co-defendant's motion to dismiss the Indictment and motion for a bill of particulars. Averitte's motion to adopt is GRANTED. For the reasons stated herein, the Court DENIES the motion to dismiss the Indictment as a whole and DENIES the motion to dismiss certain counts of the Indictment. The Court further DENIES the defendant's motion for a bill of particulars.

The defendant asserts that she is entitled to a dismissal of the Indictment on the grounds that as a result of the Government's delay in bringing the Indictment she has suffered prejudice to her case and her ability to defend against the charges has been substantially impaired. The defendant states that since the Government's discovery of her alleged criminal activities, crucial witnesses have died leaving the defendant unable to defend herself adequately resulting in prejudice to her case. The defendant goes on to explain that many of the witnesses, including herself, have impaired memories as a result of the passage of time.

Alternatively, the defendant asserts that certain counts of the Indictment should be stricken on the grounds that they violate the *ex post facto* clause of the Constitution. She asserts that her last alleged criminal activi-

**30**

ties regarding loans made in the name of Lizzie Browning occurred not later than October 9, 1984, three days prior to the effective date of the bank fraud statute.

 The Government has filed responses in opposition to all of the defendant's motions. In support of their opposition to the defendant's motion to dismiss the Indictment on grounds of pre-indictment delay, the Government argues that the defendant has not met her burden of demonstrating that substantial prejudice has resulted and that the delay in bringing the Indictment was an intentional attempt by the Government to gain a tactical advantage. *United States v. Brown*, 959 F.2d 63 (6th Cir.1992); *United States v. Duncan*, 763 F.2d 220 (6th Cir. 1985). While the defendant asserts that she has suffered prejudice to her case and an impaired ability to defend against the charges as a result of the death of certain witnesses and impaired memories of others, such consequences have been held insufficient to warrant dismissal for pre-indictment delay. *See Duncan*, 763 F.2d 220, 222 (citations omitted); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Furthermore, the defendant has failed to demonstrate that the Government delayed bringing the Indictment with the intent to gain an advantage. "A showing of prejudice to the defendant, without more, is not enough to prove a due process violation; rather there must also be a consideration of the reasons for the delay." *Brown*, 959 F.2d at 66, *citing United States v. Atisha*, 804 F.2d 920, 928 (6th Cir.1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987). The Government, in its response to the defendant's motion, stated that its reason for delaying the issuance of an indictment was to insure a thorough investigation. Where the Government offers valid reasons for a pre-indictment delay, the defendant's due process rights are generally not implicated. *Brown* at 67, *citing United States v. DeClue*, 899 F.2d 1465, 1469 (6th Cir.1990).

The Court does not find evidence that the Government deliberately delayed the Indictment to gain an advantage at trial. The defendant's motion for dismissal of the Indictment for pre-indictment delay is DENIED.

 In the defendant's motion for dismissal of certain portions of Count 1 of the Indictment, she argues that the *ex post facto* clause of the Constitution is violated in that the crime of bank fraud was not specifically made a crime until October 12, 1984, pursuant to 18 U.S.C. § 1344. The defendant asserts that through discovery in this matter, it is shown that loans she allegedly obtained in the name of Lizzie Browning were acquired not later than October 9, 1984, three days prior to the effective date of the bank fraud statute. The Government argues, however, that Count 1 of the Indictment specifically charges that the crimes were committed between October of 1984 and December of 1989. The Government goes on to point out that paragraph four of Count 1 merely provides notice to the defendant that certain bank documents, loans and entries generated by the defendant were used in subsequent criminal activities following the enactment of the statute. The Government states that a jury may consider a defendant's acts which occur prior to the effective date of a criminal statute, provided that they are instructed that the defendant continued to act in furtherance of the criminal scheme. "It is the continuing nature of such crimes as conspiracy and federal bank fraud which saves an indictment even though it alleges a scheme which was originated before, but was executed at least in part after, the effective criminalization of the activity involved in executing the scheme." *United States v. Whitty*, 688 F.Supp. 48, 53 (D.Me.1988) This Court agrees. The Indictment charges that the defendant continued her criminal activities regarding obtaining loans in the name of Lizzie Browning some two months following the enactment of the bank fraud statute. Thus, the defendant's pre-enactment conduct allegedly continued beyond the date of enactment. Therefore, the defendant's motion to dismiss on this ground is DENIED.

As for the defendant's motion for a bill of particulars, the Court finds that the government's response to the motion satisfies the defendant's requests and therefore DENIES this motion.

The motion to dismiss the Indictment and the motion for a bill of particulars are also denied as to the defendant Billy Averitte who moved to adopt these motions.